IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHARON SMITH                      :    CIVIL ACTION
                                  :
        v.                        :
                                  :
GRASSY SPRAIN GROUP, INC.         :    NO. 23-641

MEMORANDUM

Bartle, J.                                      September 26, 2023

      Plaintiff Sharon Smith brings this action against defendant Grassy Sprain Group, Inc. ("Grassy") for a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962.  Defendant is a debt collector who claims ownership of Plaintiff's consumer loan through a chain of sale and assignment.  Plaintiff asserts that defendant violated the FDCPA by filing a meritless and unsuccessful state court action to collect a debt she had incurred.

      Before the court are plaintiff's motion for partial summary judgment as to liability and defendant's motion for summary judgment.

I

      Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). We view the facts and draw all inferences in favor of the nonmoving party. See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Summary judgment is granted when there is insufficient record evidence for a reasonable factfinder to find for the nonmovant. See Anderson, 477 U.S. at 252. "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." Id. In addition, Rule 56(e)(2) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

II

The record establishes the following undisputed facts. Plaintiff Sharon Smith is a consumer. Defendant Grassy is a debt purchaser. On February 4, 2022, Grassy filed an action in the Court of Common Pleas of Philadelphia County to collect on a personal loan from County Bank to Ms. Smith (the "state court

action"). Grassy claimed that it had purchased Ms. Smith's debt from a prior owner.

In support of its claim, Grassy submitted documents purporting to establish a chain of sale and assignment of Ms. Smith's debt from County Bank to five subsequent purchasers before final sale to Grassy (the "transfer documents"). The transfer documents included Ms. Smith's promissory note with County Bank and bills of sale and assignment relating to a pool of distressed debt accounts.

The state court action was assigned initially to the state court's Compulsory Arbitration Program for decision.[1] On December 19, 2022, a panel of three attorneys, sitting as arbitrators, found for Ms. Smith. Grassy appealed the arbitration ruling to the Court of Common Pleas where the case proceeded to a de novo trial without a jury before Judge Jacqueline Allen.

The parties maintain that the issue in both the arbitration and the appeal was not whether Ms. Smith had an outstanding debt,[2] but rather, whether Grassy could properly

---

1. Cases are assigned to the Compulsory Arbitration Program when, as here, they are not equitable actions or do not involve real property and the amount in controversy is $50,000 or less. Phila. Civ. R. 1301.
2. In a deposition that was entered into evidence at trial, Ms. Smith admitted to taking out the loan in 2016 and defaulting on the loan around 2018 or 2019.

establish ownership of the debt.  Grassy had the burden of proving chain of title for Ms. Smith's specific account, which was part of a pool of over 2,400 distressed debt accounts Grassy had purchased.  Grassy's transfer documents referred to each distressed debt account by an identification number.  However, the transfer documents lacked a legend matching the identification numbers to the original loan documents.  The account that Grassy claimed corresponded with Ms. Smith's debt could not be definitively matched to Ms. Smith's promissory note in Grassy's transfer documents.

At trial, Grassy supplemented the transfer documents with testimony from Grassy's general counsel, Elizabeth Schaefer.  Ms. Schaefer testified about a phone conversation with the general counsel of the prior owner of the debt pool.  This individual helped Ms. Schaefer to match Ms. Smith's promissory note to the identification number in Grassy's transfer documents.  Ms. Schaefer's testimony was admitted over Ms. Smith's standing objection to her testifying about "chain of title issues."  Ms. Schaefer's deposition containing similar information was also admitted into evidence.

On June 4, 2023, Judge Allen entered a one-sentence ruling in favor of Ms. Smith.  The ruling states in its entirety, "Court finding entered in favor of defendant Sharon Smith and against Plaintiff Grassy Sprain Group, Inc."  Trial

Work Sheet at 1, Grassy Sprain Group Inc. v. Smith, (Phila. C.P. July 24, 2023) (No. 2202-02338). No opinion accompanied the finding. While the state court action was pending, Ms. Smith filed the current FDCPA action in this court.

III

Plaintiff claims that defendant is liable for violating the FDCPA under Section 1692e, and alternatively, Section 1692f. 15 U.S.C. § 1692e, f. The FDCPA is a remedial statute. Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 329 (6th Cir. 2006). It protects consumers by establishing a private right of action against debt collectors who engage in abusive practices. See 15 U.S.C. § 1692(a); St. Pierre v. Retrieval-Masters Creditors Bureau, Inc., 898 F.3d 351, 358 (3d Cir. 2018). To establish a FDCPA violation, a plaintiff must show by a preponderance of the evidence that (1) the plaintiff is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a debt, and (4) the defendant violated a provision of the FDCPA in attempting to collect a debt. St. Pierre, 898 F.3d at 358.

Here, the parties agree that plaintiff is a consumer, defendant is a debt collector, and the state court action was an attempt by defendant to collect plaintiff's outstanding debt. The sole issue is whether defendant violated a provision of the FDCPA in attempting to collect a debt. In evaluating a debt

collector's conduct under the FDCPA, courts apply an objective standard based on the least sophisticated consumer. *Harvey*, 453 F.3d at 329.

Section 1692e prohibits debt collection using "any false, deceptive, or misleading representation or means." 15 U.S.C. § 1692e. The section lists examples of prohibited conduct, including falsely representing the legal status of any debt, threatening to bring an action that cannot legally be taken, and using any false representation or deceptive means to collect any debt. *Id.* at §§ 1692e(2)(A), (5), (10).

Ms. Smith claims that Grassy's state court action was a false, deceptive, or misleading means of collection. First, Ms. Smith maintains that Grassy initiated the action with insufficient evidence of ownership of her debt. Second, Ms. Smith argues that Grassy did not maintain reasonable procedures of ownership to avoid erroneously proceeding with the action thereafter. Both of Ms. Smith's arguments are unconvincing.

Beginning with Ms. Smith's first argument, the mere filing of a lawsuit to collect a debt with limited evidence of ownership of the debt does not violate Section 1692e. *See, e.g.*, *Ramos v. LVNV Funding, LLC*, 379 F. Supp. 3d 437, 443-445 (E.D. Pa. 2019); *Eades v. Kennedy, PC L. Offs.*, 799 F.3d 161, 172 (2d Cir. 2015). Initiating a debt-collection lawsuit without immediate possession of a complete paper trail, without

more, does not constitute a false, deceptive, or misleading representation.  Harvey, 453 F.3d at 331.  As the Court of Appeals for the Sixth Circuit explained, Section 1692 of the FDCPA does not impose a greater evidentiary burden at the pleading stage than Rule 11 of the Federal Rules of Civil Procedure.  See id.; Fed. R. Civ. P. 11(B)(3).

     Ms. Smith has not shown by a preponderance of the evidence that the state court action was frivolous or baseless when it was filed.  See Eades, 799 F.3d at 172.  The uncontested evidence establishes that when the action was filed Ms. Smith was a debtor, her debt was outstanding, and Grassy was in possession of documents referencing Ms. Smith's name, personal address, original loan amount, and outstanding obligation.  See id.  Indeed, Grassy's transfer documents, which were attached as exhibits to its complaint, included the promissory note executed by Ms. Smith and the original creditor, County Bank.  The least sophisticated consumer could examine Grassy's transfer documents and determine that its factual contentions had some evidentiary support.  See Harvey, 453 F.3d at 333.  Thus, even if Grassy's evidence turned out to be insufficient or unpersuasive, it was not so wholly deficient as to render the action frivolous or baseless.  See Eades, 799 F.3d at 172.

     Turning to the second argument, Ms. Smith claims that Grassy violated Section 1692e by not maintaining procedures to

avoid erroneously arguing ownership of her debt. However, the undisputed facts establish the opposite. During discovery, Grassy made efforts to obtain evidence matching the transfer documents to Ms. Smith's promissory note. Grassy's general counsel contacted the counsel for the prior owner of the debt pool. This individual, according to Grassy, connected Ms. Smith's original account to its identification number in the transfer documents. Grassy provided this evidence through Ms. Schaefer's deposition testimony and trial testimony.

Ms. Smith asserts that much of this evidence was inadmissible hearsay. While a party is the one seeking to introduce evidence, it is the judge who decides on its admissibility. The record is silent as to how the state court dealt with the evidence Ms. Smith deems to be hearsay. This court concludes that Grassy's proceeding with the lawsuit under the circumstances presented here does not constitute a violation of the FDCPA. A debt collector's reliance in part on what is arguably hearsay is quite different from submitting a false affidavit. See Harvey, 453 F.3d at 331.

In sum, this debt-collection lawsuit, albeit unsuccessful, does not constitute threatening an "action that cannot legally be taken." See Heintz v. Jenkins, 514 U.S. 291, 296 (1995); 15 U.S.C. § 1692e(5). Here, as in Ramos, the state court action did not provide any specific rationale in the

dispositive order.  See 379 F. Supp. 3d at 444.  Ms. Smith cannot substitute her own views of the reasoning behind Judge Allen's unexplained decision.  This court cannot speculate as to why Grassy did not prevail in the state court action.  As my colleague, Judge McHugh explained, "[l]awsuits can be lost for any number of reasons."  Id.  Judge Allen's finding in favor of Ms. Smith does not establish that Grassy's attempt to collect the debt was deceptive in nature.  See id.

   The court turns to Section 1692f, which prohibits debt collection using "unfair or unconscionable means."  15 U.S.C. § 1692f.  Ms. Smith argues that, in the alternative, the state court action was unfair or unconscionable.  This argument fails for the reasons stated above.  The fact that Grassy did not prevail in the state court action does not establish that Grassy's attempt to collect was unfair or unconscionable.  Ramos, 379 F. Supp. 3d at 444.  Filing a lawsuit to collect on a debt which relies in part on what can be argued inadmissible hearsay is not unfair or unconscionable under Section 1692f.  See Chenault v. Credit Corp Sols., Inc., No. CV 16-5864, 2017 WL 5971727 at *3 (E.D. Pa. Dec. 1, 2017);  Eades, 799 F.3d at 172.

   Accordingly, the motion of plaintiff Sharon Smith for partial summary judgment as to liability will be denied.  The motion of defendant Grassy Sprain Group, Inc. for summary judgment will be granted.